UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terry Douglas Campbell, # 281286, ) | |
| ) | |
| Plaintiff, ) | C/A No. 6:14-1832-TMC-KFM |
| ) | |
| vs. ) | |
| ) | |
| The Municipality of Spartanburg County; ) | **Report and Recommendation** |
| Chuck Wright, *Sheriff*; ) | |
| Neil Urch, *Deputy*; ) | |
| J. Hudson, *Deputy*; ) | |
| J. Parris, *Deputy*; ) | |
| Moe Poe, *Deputy*; ) | |
| Po Poe, *Deputy*; ) | |
| John Doe, *Doctor*; ) | |
| Nurse Jane Doe; ) | |
| D. Greene; ) | |
| T. Camp, ) | |
| ) | |
| Defendants. ) | |

## Background of this Case

Plaintiff is an inmate at the Livesay Correctional Institution of the South Carolina Department of Corrections. In the above-captioned case, Plaintiff has brought suit against Spartanburg County, the Sheriff of Spartanburg County, five deputy sheriffs, a doctor at the Spartanburg County Detention Facility, a nurse at the Spartanburg County Detention Facility, and two employees of the Spartanburg County Magistrate Court. The above-captioned case concerns jail conditions, medical care, matters pertaining to Plaintiff's then-pending criminal case, and Plaintiff's attempt to file civil cases in Magistrate Court with *in forma pauperis* status. In a separately-filed order, the undersigned is

authorizing service of process upon the Sheriff of Spartanburg County, the five deputy sheriffs, the doctor, and the nurse.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the Complaint is subject to *partial* summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**Spartanburg County**

Spartanburg County is a local government entity that may be sued under § 1983. *Lake Country Estates, Inc. v. Tahoe Reg'l Planning Agency*, 440 U.S. 391, 401 (1979). Spartanburg County, however, is not responsible for the operation of the Spartanburg County Detention Facility, which is operated by the Sheriff of Spartanburg County. *See* S.C. Code Ann. § 24-5-10 (Westlaw 2014); *see also Roton v. Sparks*, 244 S.E.2d 214, 216 (S.C. 1978) ("it is clear from the foregoing that the Newberry County

Council lacks authority to deprive the sheriff of supervision over the county jail, since no referendum has been held").

Also, a county in South Carolina is not responsible for actions of a sheriff or deputy sheriff. *See Edwards v. Lexington Cnty. Sheriff's Dep't*, 688 S.E.2d 125, 127 n. 1 (2010) ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."); and *Allen v. Fid. and Deposit Co.*, 515 F. Supp. 1185, 1189–91 (D.S.C. 1981) (County cannot be held liable for actions of deputy sheriff because deputy sheriffs in South Carolina serve at pleasure of the Sheriff, not the County), *aff'd*, 694 F.2d 716 (4th Cir. 1982) [Table].

Spartanburg County is not responsible for actions taken by the Magistrate Court for Spartanburg County or the Circuit Court for Spartanburg County. It can be judicially noticed that, in South Carolina, a county's authority over courts within its boundaries was abolished when Article V of the Constitution of the State of South Carolina was ratified in 1973. *See* Act No. 58, 1973 S.C. Acts 161; S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *and City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (S.C. 1989). Under Article V, the Supreme Court of South Carolina, not Spartanburg County, retains the *sole* authority to supervise magistrates' courts, municipal courts in Spartanburg County, and the Circuit Court for Spartanburg County. *See Spartanburg Cnty. Dep't of Soc. Servs. v. Padgett*, 370 S.E.2d 872, 875–76 & n. 1 (S.C. 1988).

### *D. Greene and T. Camp*

Plaintiff's allegations against D. Greene and T. Camp, employees of the Spartanburg County Magistrate Court, concern Plaintiff's attempt to file civil cases *in forma pauperis*. Although Plaintiff does not expressly allege that his cases were not processed for his failure to pay the filing fee, state court filing fees are at issue with respect to Plaintiff's allegations relating to the two employees of the Spartanburg County Magistrate Court. Applications to proceed *in forma pauperis* in state and federal courts are governed by different statutes. In federal district courts, applications to proceed *in forma pauperis* are allowed pursuant to 28 U.S.C. § 1915. There is no waiver of the filing fee for cases filed in federal *bankruptcy* courts. *United States v. Kras*, 409 U.S. 434, 450 (1973). In a case decided several months after *Kras*, the Supreme Court upheld a non-waivable filing fee requirement in courts of the State of Oregon. *Ortwein v. Schwab*, 410 U.S. 656, 658–61 (1973)(*per curiam*).

The Supreme Court of the United States has struck down filing fee requirements with respect to cases involving fundamental rights. *See*, *e.g.*, *Boddie v. Connecticut*, 401 U.S. 371, 379–83 (1971) (in divorce cases, a State cannot deny access to indigents unable to pay the filing fees because a divorce is the only way in which a marriage can be dissolved); *Little v. Streater*, 452 U.S. 1, 14–17 (1981) (Connecticut statute denying "fathers" blood grouping tests, in paternity cases, because of indigency violates Due Process Clause of Fourteenth Amendment); *Burns v. Ohio*, 360 U.S. 252, 257–58 (1959) (state court appeals); *Griffin v. Illinois*, 351 U.S. 12, 18 (1956) (state court appeals); and *M.L.B. v. S.L.J.*, 519 U.S. 102, 108–28 (1996) (termination of parental

rights). Even so, the above-captioned case is governed by *Ortwein v. Schwab* because the filing of a non-domestic civil action in state court is not a "fundamental" right.

It can be judicially noticed that South Carolina law provides for waiver of filing fees for domestic cases, applications for post-conviction relief, appeals in criminal cases, and appeals in post-conviction cases. *See Ex Parte Martin*, 471 S.E.2d 134, 134–35 (S.C. 1995), which is cited in *Masada v. Richstad*, C.A. No. 7:01-3836-17BG, 2001 WL 34085201, at *3 (D.S.C. Nov. 20, 2001), *aff'd*, 33 F. App'x 104 (4th Cir. April 25, 2002). Hence, the charging of a filing fee in non-habeas civil cases by courts of the State of South Carolina does not violate Plaintiff's federal constitutional rights. *See Baccus v. Florian*, C.A. No. 9:12-2440-DCN-BM, 2012 WL 4985243, at *4–5 (D.S.C. Sept. 21, 2012), *adopted by* 2012 WL 4984646 (D.S.C. Oct. 17, 2012).

As a result, D. Greene and T. Camp are immune from suit because of quasi judicial immunity. *Forrester v. White*, 484 U.S. 219, 226–27 (1988); *see also Abebe v. Propes*, C.A. No. 0:11-1215-MBS-PJG, 2011 WL 2581385, at *3 (D.S.C. June 3, 2011) (collecting cases holding that the doctrine of absolute quasi judicial immunity has been adopted and made applicable to court support personnel because of the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing a judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts), *adopted by* 2011 WL 2600593 (D.S.C. June 29, 2011).

**RECOMMENDATION**

It is recommended that the district court summarily dismiss the Municipality of Spartanburg County, D. Greene, and T. Camp *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

May 21, 2014  s/ Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).