IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Terry Douglas Campbell, #281286, | ) |
| | ) Civil Action No. 6:14-1832-TMC-KFM |
| Plaintiff, | ) |
| | ) **ORDER** |
| vs. | ) |
| | ) |
| The Municipality of Spartanburg County; | ) |
| Chuck Wright, Sheriff; | ) |
| Neil Urch, Deputy; | ) |
| J. Hudson, Deputy; | ) |
| J. Parris, Deputy; | ) |
| Moe Poe, Deputy; | ) |
| Po Poe, Deputy; | ) |
| John Doe, Doctor; | ) |
| Nurse Jane Doe; | ) |
| D. Greene; | ) |
| T. Camp, | ) |
| | ) |
| Defendants. | ) |
| | ) |

The plaintiff, Terry Douglas Campbell ("Campbell"), a state prisoner proceeding pro se, brought this action against the defendants, pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., all pretrial proceedings in this matter were referred to a magistrate judge. This matter is now before the court on the magistrate judge's Report and Recommendation ("Report"), recommending that the court summarily dismiss three of the defendants, the Municipality of Spartanburg County, D. Greene, and T. Camp, without prejudice and without service of process. (ECF No. 16.) Campbell filed timely objections. (ECF No. 20.) Accordingly, this matter is now ripe for review.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and

1

conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

As set forth above, the plaintiff filed timely objections to the Report.  However, his objections merely restate factual allegations and legal conclusions raised in his complaint and fully addressed in the Report.  Specifically, Campbell asserts that Spartanburg County should be held accountable because the detention center is located in and owned by Spartanburg County.  However, the Report, citing legal authority, explains why Spartanburg County is not legally responsible for any wrongdoing by the detention center, sheriff, deputy sheriff, magistrate court, or circuit court.

In addition, Campbell objects to the Report's recommendation to dismiss defendants D. Greene and T. Camp, Spartanburg County Court employees.  The Report found that Campbell's issues with the court revolved around failure to pay filing fees, and, based on that finding and relevant case law, found that the two defendants had quasi-judicial immunity.  In his objections, Campbell asserts that filing fees were never an issue.  Indeed, this court has failed to find any reference in the record to a dispute over filing fees.  However, D. Greene and T. Camp are still subject to summary dismissal because Campbell has failed to state an actionable § 1983 claim against either of them.

In his complaint, Campbell alleges that these two defendants denied him access to the courts, thereby violating his Fourteenth Amendment Rights.  In order to state a claim for denial of access to the courts, a plaintiff must allege: (1) an underlying cause of action and (2) the actions by officials that caused the denial of access to the courts. *See Christopher v. Harbury*,

536 U.S. 403, 415 (2002). In addition, a plaintiff must assert an actual injury, which only exists if "a nonfrivolous legal claim had been frustrated or was being impeded." *Lewis v. Casey*, 518 U.S. 343, 353, 353 n.3 (1996); *see also Christopher*, 536 U.S. at 416 (requiring that predicate claim be described well enough to apply the nonfrivolous test).

In support of Campbell's claim, he alleges that D. Greene and T. Camp prevented him from filing two lawsuits, one against Spartanburg County Magistrate Judge N. Atkins regarding his bond and one against four individuals who attacked him outside of an Ingles grocery store. However, there is no evidence that either of these cases was not filed or is not proceeding through the court system.

With regard to his case against Magistrate Judge N. Atkins, Campbell's own complaint states that D. Greene informed him that his motion to proceed in forma pauperis was under review and that a letter he wrote to Judge Atkins was forwarded on. (ECF No. 1 ¶¶ 73, 74.) Thus, his real complaint regarding this case is the amount of time it is taking the court to decide his motion. (*See id.* ¶ 75 ("I have since been writing and asking the status of my motion to proceed in forma pauperis as it has been over two (2) months since it was forwarded to the Administrative Law Judge for review.").)[1] While the court understands Campbell's frustration, even liberally construing his complaint, he fails to assert any action by D. Greene or T. Camp with regard to this lawsuit that has resulted in actual injury.[2] Thus, his claim does not rise to the level of a constitutional violation actionable under § 1983.

---

[1] In addition, the only allegations against T. Camp are that this person told Campbell that he could not file a lawsuit (ECF No. 1 ¶ 39), answered requests sent to the judge (*Id.* ¶ 94), and offered legal advice (*Id.*). However, the record suggests that the lawsuit was actually filed and the complaint does not allege any connection between T. Camp's other actions and any actual injury.

[2] Campbell alleges only that he "wasted many hours in preparing paperwork, monies spent on copies, and postage in an attempt to get the relief he is entitled to." (ECF No. 1 ¶ 96.) However, as noted above that is not the type of injury necessary to support a claim for denial of access to the courts under § 1983.

Similarly, with regard to his other lawsuit, Campbell alleges only: "In May of 2013, I sent a letter to the Clerk of Court in Spartanburg County and to the Magistrate Court Judge telling them I wanted to file charges on four (4) individuals who attacked me outside an Ingles store located in the County of Spartanburg. I also sent my complaint to file a lawsuit. These items were clocked and then stamped 'void clocked in error' and returned to me." (ECF No. 1 ¶ 67.) Campbell does not provide any further information nor does he allege any facts connecting D. Greene or T. Camp to that lawsuit, let alone how their actions may have frustrated or impeded it. Thus, Campbell has failed to state sufficient facts regarding this lawsuit to rise to an actionable § 1983 claim for denial of access to the courts.

Accordingly, the court adopts the Report's recommended disposition. Therefore, the Municipality of Spartanburg County, D. Greene and T. Camp, are summarily **DISMISSED** without prejudice and without service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

June 5, 2014
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.